## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| SCARLET REYNA and MARIA ORTEGA, | |
| Plaintiffs, | |
| v. | |
| CONAGRA FOODS, INC. and PILGRIMS PRIDE CORPORATION OF DELAWARE, INC. as Successor-in-Interest to CONAGRA POULTRY COMPANY, | CASE NO: 3:04-CV-39 (CDL) |
| Defendant. | |

### ORDER

This case was tried to a jury during the period from October 16, 2007, to October 23, 2007. On October, 23, 2007, the jury returned a verdict and responses to special interrogatories. (Doc. 66). Based upon that verdict and the jury's responses to the special interrogatories, the Court finds as follows.

Judgment should be entered in favor of the Plaintiffs and against the Defendants, jointly and severally, on Plaintiffs' claims for damages due to: hostile work environment (based upon their race and national origin) and retaliation in violation of Title VII of the Civil Rights Act of 1964 (as amended); retaliation in violation of the Fair Labor Standards Act; and uncompensated overtime in violation of the Fair Labor Standards Act.

The Court also accepts the jury's findings regarding Plaintiffs' claims of retaliation under the Corporate and Criminal Fraud and Accountability Act, also known as the Sarbanes Oxley Act of 2002.[1]  Having given due consideration to the legal arguments, evidence and the jury's verdict

---

[1] The Court allowed the jury to serve as an "advisory" jury on these claims that are to be decided by the Court.

in favor of the Plaintiffs on this claim, the Court finds that judgment should be entered in favor of the Plaintiffs and against the Defendants, jointly and severally, on Plaintiffs' claims of retaliation in violation of the Corporate and Criminal Fraud and Accountability Act.

Based upon the forgoing and in accordance with the jury's verdict and responses to the special interrogatories, the Court further finds that judgment should be entered in favor of the Plaintiffs and against the Defendants, jointly and severally, in the following amounts:

**For Plaintiff Ortega**:  $22,500 as compensatory damages for hostile work environment (based upon her race and national origin) and retaliation in violation of Title VII of the Civil Rights Act of 1964 (as amended); $1,070.94 as damages for unpaid overtime due to violations of the Fair Labor Standards Act; and $21,871.17 as damages for lost pay and benefits due to violations of the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964 and the Corporate and Criminal Fraud and Accountability Act.

The Court further finds that liquidated damages under the Fair Labor Standards Act are appropriate and that judgment should be entered in favor of Plaintiff Ortega and against Defendants, jointly and severally, in the additional amounts of $1,070.94 as liquidated damages for unpaid overtime and $21,871.17 as liquidated damages for lost pay and benefits.[2]

**For Plaintiff Reyna**:  $22,500 as compensatory damages for hostile work environment (based upon her race and national origin) and retaliation in violation of Title VII of the Civil Rights

---

[2] An employer who violates sections 207 or 215(a)(3) of the Act will be liable to an employee for liquidated damages. *See* 29 U.S.C. § 216(b).  An exception to that rule exists if the employer can show, to the satisfaction of the court, that the act or omission giving rise to the violation was in good faith and that the employer had reasonable grounds for believing that its act or omission did not violate the FLSA. *See* 29 U.S.C. § 260.  The Court previously found that there was a lack of good faith on the failure to pay overtime (Doc. 43) and, based on its own view of the evidence and the jury's determination that Defendants knew or showed reckless disregard for whether their actions were in violation of the law (Doc 66), the Court concludes that there was a lack of good faith in Plaintiffs' termination, thereby warranting liquidated damages.

Act of 1964 (as amended); $1,815.03 as damages for unpaid overtime due to violations of the Fair Labor Standards Act; and $73,059.93 as damages for lost pay and benefits due to violations of the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964 and the Corporate and Criminal Fraud and Accountability Act.

The Court further finds that liquidated damages under the Fair Labor Standards Act are appropriate and that judgment should be entered in favor of Plaintiff Reyna and against Defendants, jointly and severally, in the additional amounts of $1,815.03 as liquidated damages for unpaid overtime and $73,059.93 as liquidated damages for lost pay and benefits.[3]

**For Plaintiffs Reyna and Ortega, jointly**:  $275,000 in punitive damages on Plaintiffs' claims for retaliation in violation of Title VII of the Civil Rights Act of 1964 (as amended).  The Court finds that the Plaintiffs shall split this award of punitive damages, and each Plaintiff shall recover $137,500 in punitive damages

### FOR DEFENDANTS:

The Court finds that based upon the jury verdict and responses to special interrogatories, Plaintiffs shall recover nothing on their claims for damages due to retaliation in violation of the Age Discrimination in Employment Act and on Plaintiffs' claims for punitive damages due to hostile environment in violation of Title VII of the Civil Rights Act of 1964 (as amended).

This 26th day of October, 2007

          S/Clay D. Land
          CLAY D. LAND
          UNITED STATES DISTRICT JUDGE

---

[3] See footnote 2, supra.